Argued and submitted June 7, reversed and remanded for reconsideration
July 5, 2001

In the Matter of the Compensation of
Judy A. Bell, Claimant.

Judy A. BELL,
*Petitioner,*

*v.*

SPIRIT MOUNTAIN GAMING
and EBI Insurance Company,
*Respondents.*

99-03656, 99-02441; A111340

27 P3d 533

James W. Moller argued the cause and filed the briefs for petitioner.

Deborah L. Sather argued the cause for respondents. With her on the brief were Tracy J. White and Sather, Byerly & Holloway.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of a final order of the Workers' Compensation Board upholding employer's denial of her claim for a lower back condition. We reverse and remand for reconsideration.

The facts relevant to the disposition of the case are undisputed. Claimant injured her lower back at work on February 22, 1998. Employer accepted her claim for lumbar strain. Employer arranged an independent medical examination on June 16, 1998. The examiner conducted range of motion testing, during the course of which claimant experienced a sudden onset of severe left leg pain. An MRI later disclosed a herniated disc at L4-5.

Claimant requested a hearing on employer's *de facto* denial of the L4-5 herniated disc. At the hearing, claimant relied on the testimony of Dr. Buza, who testified in support of compensability. Employer relied on the testimony of Dr. Young, who testified that the major contributing cause of claimant's condition was a preexisting degenerative disc condition. The Board ultimately found Buza unpersuasive. It offered a number of reasons and then concluded that it could not determine

> "that Dr. Buza has offered an opinion that meets claimant's burden of proving that her February 1998 work injury was the major contributing cause of her disability or need for treatment for her low back condition."

Instead, the Board found Young's opinion persuasive and upheld employer's *de facto* denial.

Claimant sought review of the Board's decision. In the meantime, the Supreme Court issued its opinion in *Robinson v. Nabisco*, 331 Or 178, 11 P3d 1286 (2000), in which it held that an injury that occurs during an employer-"compelled" medical examination may itself be sufficiently employment-related to be compensable.

Claimant now argues that the Board's decision reflects the application of a legal standard at odds with

*Robinson.* In particular, claimant points to the Board's evaluation of Buza's testimony and the extent to which the testimony failed to establish that claimant's low back condition was caused by the earlier February 1998 work injury, not the later June 1998 injury during the course of the compelled medical examination.

Employer argues that, even if the Board erred in characterizing the appropriate legal standard by which to evaluate Buza's testimony, we nevertheless should affirm, both because the Board had other legitimate reasons to discount that testimony and because it affirmatively found Young's testimony persuasive.

Claimant is correct that the Board's order reflects the application of an incorrect legal standard. It may well be that, on remand, the application of the proper legal standard will not affect the Board's decision. That is up to the Board to decide on remand. *SAIF v. Cessnun,* 161 Or App 367, 375, 984 P2d 894 (1999).

Reversed and remanded for reconsideration.